PEOPLE *v.* FOWLER *et al.*

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

HIGHWAYS—OBSTRUCTION—PERMISSION OF VILLAGE TRUSTEES.

Village trustees cannot, as commissioners of highways, authorize the erection of a fence so as to encroach on a highway.

Appeal from court of oyer and terminer, Rockland county.

Indictment against Denton Fowler and another for maintaining a common nuisance. From a conviction, defendants appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Irving Brown,* for appellants. *Wm. McCauley, Jr.,* Dist. Atty., for the People.

BARNARD, P. J. The indictment charges that the defendant erected and maintained a common nuisance upon Broadway or West street, in the village of Haverstraw. Proof was given tending to show that the defendant, about three years before the trial, put up a fence, a part of which was 11 feet on the highway named. The defendant offered evidence tending to show that the village trustees had directed the erection of the fence in question. The offer was properly rejected. The trustees are commissioners of highways only, and as such cannot authorize the erection of a nuisance on the highway, or legalize its continuance. No official act of the trustees was offered. The highway was established by proof of user for over 20 years, and it must continue a highway, as used, until it is officially changed. An oral conversation with some of the trustees will be powerless even upon the question of intent. The wrongful intent is proven by the wrongful act. The remark of the judge that there was temptation in Haverstraw to encroach on the highways was probably in reference to the existence of clay and sand for brick-making purposes in that village. When the attention of the judge was called to the remark, he at once explained that the offense charged would not be established by any temptation to encroach, but only by proof of the fact. The conviction and judgment should be affirmed. All concur.